UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER LEVON SUTPHIN, | ) | CASE NO. 1:07 CV 933 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHERIFF GERALD MCFAUL, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On March 29, 2007, pro se plaintiff Christopher Levon Sutphin filed this action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Gerald McFaul and Cuyahoga County Jail Health Care Administrator Chris Dubber. In the complaint, plaintiff alleges he received inadequate medical treatment at the Cuyahoga County Jail. He seeks $ 250,000.00 in damages.

**Background**

Mr. Sutphin's complaint is very brief. He indicates that he developed a staph infection in a wound on his right buttocks. He believes he contracted the bacteria at the jail due to "the nasty living conditions in this facility." (Compl. at 4.) He indicates he told some corrections officers about his wound but was told it was only a bruise. He claims that the next day, he reported to the medical referral call and was sent to see the physician on duty. The physician diagnosed a staph infection and prescribed "daily treatments." Mr. Sutphin does not describe these treatments but indicates that "they never cleaned my wound or anything, they just changed my bandage." (Compl. at 4.) He states that he was prescribed antibiotics. He contends he wrote a medical grievance regarding pain and was prescribed Percocet for one week. He alleges that when his wound was finally cleaned, a hole was discovered which required additional bandaging. Mr. Sutphin indicates that he has "gone through an enormous amount of pain, plus permanent scarring

and tissue damages." (Compl. at 4.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Sutphin gives no indication of the legal claim or claims he wishes to assert. It appears that he may be attempting to assert claims under the Eighth Amendment for deliberate indifference to serious medical needs and/or for cruel and unusual punishment relative to his living conditions. To the extent that these are the claims he intended to assert, he failed to state a claim upon which relief may be granted against these defendants.

A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The body of the complaint does not mention

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

these defendants.  There is no indication that they were personally involved in the actions which Mr. Sutphin claims violated his constitutional rights.

It appears probable that Mr. Sutphin named the Cuyahoga County Sheriff and the Cuyahoga County Jail Health Care Administrator as defendants because they employ and supervise other individuals who carry out the functions of the jail. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence.  Id.  Sheriff McFaul is the ultimate supervisor of the Cuyahoga County Jail and all of its employees and inmates.  Chris Dubber is the supervisor of all physicians, nurses and medical staff who serve the jail. In order for liability to attach to any of these supervisors, Mr. Sutphin must allege that they did more than play a passive role in the violations or show mere tacit approval of the goings on.  Id.  He must show that the supervisors somehow encouraged or condoned the actions of their inferiors.  Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995).  There is no indication in the complaint that either of these defendants was aware of Mr. Sutphin's situation or that they encouraged or condoned the actions of their inferiors.

Moreover, even if Mr. Sutphin had alleged facts to suggest that the defendants actively participated in the conduct of which he complains, he fails to state a claim for violation of the Eighth Amendment.

Plaintiff first appears to assert a claim based on his living conditions.  Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  To state a claim for relief under the Eighth Amendment,

a plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Mr. Sutphin alleges only that his living conditions were "nasty." He does not explain this statement in any way. An odorous cell without amenities does not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. See Knop v. Johnson, 977 F.2d 996, 1012-19 (6th Cir.1992); see also Chandler v. Chapleau, No. 95-6615, 1996 WL 577603 at *1 (6th Cir. Oct. 7, 1996). His description of his living arrangements as "nasty" does little to give the defendants notice of the conditions to which Mr. Sutphin objects and fails to give sufficient indication that he has been subjected to an extreme deprivation which denied him the minimal civilized measure of life's necessities.

Mr. Sutphin also appears to object to the adequacy of the medical treatment he received. In order to establish a claim for inadequate medical care under the Eighth Amendment, plaintiff must demonstrate that the defendants acted with deliberate indifference to his serious medical needs. Farmer v. Brennan, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims

which sound in state tort law." <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).

Mr. Sutphin's claim for inadequate treatment also fails to state a claim upon which relief may be granted. He states that he reported to the medical intake and was taken to see a physician. He was prescribed antibiotics and given "daily treatments." (Compl. at 4.) When he complained of pain, he was given a one week prescription of Percocet. He contends that although the dressing on his wound was changed daily, it was not properly cleaned for a week. When the extent of the infection was realized upon thorough cleaning, he was given more aggressive wound care. While the treatment he received could be construed as negligent, there is no reasonable suggestion in the complaint that the Health Care Administrator acted with deliberate indifference and consciously disregarded a substantial risk of harm to Mr. Sutphin. He has not stated a claim for an Eighth Amendment violation against these defendants.

To the extent that Mr. Sutphin was attempting to asserting a claim other than one arising under the Eighth Amendment, he has failed to do so. Principles requiring generous construction of <u>pro se</u> pleadings are not without limits. <u>See</u> <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. <u>See</u> <u>Schied v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. <u>Beaudett</u>, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a <u>pro se</u> plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Id.</u> at 1278. Moreover, plaintiff's failure to

5

identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Even liberally construed, the complaint does not sufficiently state a federal constitutional claim upon which plaintiff intends to base his § 1983 action.

## **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: July 16, 2007

s/     James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.